# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN M. CIVELLO and FRANCES CIVELLO,** : | **CIVIL ACTION NO. 1:10-CV-0339** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **ROBERT P. SHANNON and WAYNE AUTOMATIC FIRE, INC.,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 23rd day of March, 2010, upon consideration of defendants' motion (Doc. 4) to dismiss plaintiffs' complaint for lack of jurisdiction and improper venue, which plaintiffs have elected not to oppose,[1] and it appearing that defendants' contacts with the Middle District of Pennsylvania are insufficient to establish personal jurisdiction, (see Doc. 4 ¶¶ 6-10 (setting forth defendants' lack of contacts with the forum state)); Telcordia Tech Inc. v. Telkom S.A., 458 F.3d 172, 177 (3d Cir. 2006) (explaining that specific jurisdiction requires minimum contacts with the forum state); Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (explaining that general jurisdiction requires systematic and continuous contact with the forum), and that venue in this judicial district is inappropriate, see 28 U.S.C. § 1391(a) (stating that a diversity action may be brought in "(1) a judicial district where any defendant resides . . . (2) a judicial district in which a substantial part of

---

[1] On the date herein, plaintiffs' counsel contacted chambers and indicated that plaintiffs were not opposing defendants' motion (Doc. 4) to dismiss.

the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced"), it is hereby ORDERED that:

1. Defendants' motion (Doc. 4) to dismiss for lack of personal jurisdiction and improper venue is GRANTED. See FED. R. CIV. P. 12(b)(2)-(3).

2. The Clerk of Court is instructed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge